UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-89-JBC |
| | ) | No. 5:09-CV-7061-JBC |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| PHILLIP L. DALE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Pro se Defendant/Movant Phillip L. Dale filed a motion under 28 U.S.C. § 2255 on February 3, 2009. *See* DE #56 (Motion to Vacate). Subsequent to the undersigned's assumption of the Lexington docket, the Court conducted a review of this matter and determined that the matter should proceed, finding that Dale's section 2255 motion was effectively filed within the AEDPA statute of limitations. *See* DE #74 (Order).

At the same time, the Court noted that Defendant/Movant's motion does not comply with the Rules for such motions. Specifically, his filing consists of a five-page letter to the Clerk of Court styled as "Motion: Ineffective Assistance of Counsil [sic]." This letter fails substantially to follow the standard section 2255 motion form. *See* Rules Governing Section 2255 Proceedings, Rule 2(c). Importantly, Dale has not signed his motion under penalty of perjury. *See* Rules Governing Section 2255 Proceedings, Rule 2(b)(5). Further, Defendant/Movant has not stated the relief he requests. *See* Rules Governing Section 2255 Proceedings, Rule 2(b)(3).

## I. NOTICE AND FINDINGS

The Court ordered Dale to submit a corrected motion by September 24, 2010, and

1

advised that a corrected motion must be tendered for consideration on the merits. *See* DE #74. Defendant/Movant failed to respond. To ensure Dale received notice, the Court ordered the United States to acquire and file Defendant/Movant's current address in the record and for the Clerk of Court to serve a new notice on him at that address. *See* DE #75 (Order). The United States timely complied. *See* DE #77 (Sealed Document). In the Order served on Dale, the Court advised as follows:

> The Court provides **NOTICE** to Dale that, without any sworn filings or other documentation, he has placed no evidence in the record. In making a section 2255 motion, Defendant/Movant bears the burden of proving his contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."). Failure to comply with this Order may result in dismissal of the pending motion.

*See* DE #75 at 2. Defendant/Movant again failed to respond.

Having twice provided appropriate notice to Dale, including a second order sent to an address acquired by the United States and identified as current, the Court has afforded Defendant/Movant every opportunity to correct deficiencies and pursue the instant action, and thus the Court has complied with the procedural requirements for summary dismissal. Under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court thus **FINDS** that "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Specifically, Dale provided no evidence – not even sworn allegations – so he cannot at this juncture possibly meet his burden to prove his contentions by a preponderance of the evidence. *See McQueen*, 58 F. App'x at 76. For this reason, the Court **RECOMMENDS SUMMARY DISMISSAL** of Defendant/Movant's

section 2255 motion **WITHOUT PREJUDICE** to future resubmission.[1] Any such resubmission would be subject to the applicable statute of limitations, as this Recommended Disposition in no way implicates or affects that statute.

## II. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

---

[1] The Court recommends dismissal without prejudice because this decision makes no merits determination. In circumstances where a court reaches the merits, but still elects to proceed with summary dismissal, that dismissal may be with prejudice. *See, e.g.*, *Bennett v. United States*, No. CA 09-0827-CG-C, 2010 WL 653710 (S.D. Ala. Feb. 18, 2010) (slip copy) (dismissing with prejudice after close review of the plea agreement and sentence); *Evans v. United States*, Nos. 3:09-CV-944-L & 3:05-CR-113-L(3), 2009 WL 2783005, at *2 (N.D. Tex. Aug. 31, 2009) (slip copy) (dismissing with prejudice in part because the motion failed to raise a constitutional issue).

The instant decision presents no issue of reasonable debate per the applicable standards. Dale presented a wholly deficient motion upon which the Court plainly cannot afford relief. Thus, no basis exists for issuance of a certificate of appealability.

### III. RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that the District Judge enter **SUMMARY DISMISSAL** of Dale's motion under Rule 4 **WITHOUT PREJUDICE** to any future resubmission. Any such resubmission would be subject to the applicable statute of limitations, which this Recommended Disposition does not implicate or affect in any way. The District Court should **DENY** a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of November, 2010.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge